UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TERRY SMITH, a/k/a TERRELL NEAL,

           Plaintiff,

           -against-

PAROLE OFFICER DORETHA DOCTOR,
PAROLE OFFICER LISA DUQUESNAY,
S.P.O. JOHN DOE #1,
S.P.O. JOHN DOE #2,
JOHN DOE PAROLE OFFICER #1,
JOHN DOE PAROLE OFFICER #2,
JOHN DOE PAROLE OFFICER #3,
JOHN DOE PAROLE OFFICER #4,
JOHN DOE PAROLE OFFICER #5,
JOHN DOE PAROLE OFFICER #6, and
JOHN DOE PAROLE OFFICER #7,

           Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**

07-CV-2795 (RJD)

DEARIE, Chief Judge:

*Pro Se* plaintiff Terry Smith, also known as Terrell Neal, filed this action pursuant to 42 U.S.C. § 1983. By Order dated September 17, 2007, this Court dismissed some of plaintiff's claims and directed plaintiff to show cause why the remaining claims should not be dismissed as time-barred. Plaintiff filed an Affirmation in response on October 1, 2007.

Constitutional claims arising in New York State and brought pursuant to 42 U.S.C. § 1983 ("§ 1983") are subject to a three-year statute of limitations. Patterson v. County of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004). The statute of limitations begins to run on the date that the claim accrued, which is the time when the plaintiff knows or has reason to know of the harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks and citations omitted). In this case, Plaintiff alleges that he was subjected to excessive force during his arrest

on November 5, 2003. Plaintiff has not alleged that he was unaware of the alleged constitutional injury at that time. Accordingly, the time within which to file a claim pursuant to § 1983 expired on November 5, 2006. Plaintiff did not file this lawsuit until June 26, 2007.

In his Affirmation, Plaintiff asserts that he filed a notice of appeal with the Division of Parole in October 2004 and again in September 2005, and that he requested paperwork pertaining to his violation of parole. He alleges that the agency failed to answer his appeal or respond to his request. Plaintiff also filed a petition for a writ of habeas corpus, which was dismissed. Plaintiff argues that these proceedings should extend the statute of limitations.

The Court has considered plaintiff's arguments and finds that there is no basis for tolling the statute of limitations. State tolling provisions govern requests to toll the statute of limitations in § 1983 actions. Wallace v. Kato, --- U.S. at ---, 127 S.Ct. 1091, 1098-99 (2007). In New York, the statute of limitations period may be extended if the claimant "is under a disability because of infancy or insanity at the time the cause of action accrues." McKinney's C.P.L.R. § 208. New York also allows equitable tolling when the plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007) (quoting Doe v. Holy See (State of Vatican City), 793 N.Y.S.2d 565 (App. Div. 2005). Here, plaintiff has not asserted any impediment to bringing his claims within the limitations period, such as a disability or any acts by defendants that prevented him from timely commencing suit.[1]

---

[1] The alleged failure of the Division of Parole to respond to plaintiff's appeal or request for documents is insufficient to toll the statute of limitations. "If a plaintiff cannot articulate any acts by defendants that *prevented* him from timely commencing suit, then he has failed to meet his burden of showing that he was wrongfully induced by defendants not to commence suit." Abbas, 480 F.3d at 641 (internal quotations and citations omitted)(emphasis added).

2

The fact that plaintiff filed a notice of appeal or a habeas corpus petition does not toll the statute of limitations. See Board of Regents v. Tomanio, 446 U.S. 478, 484-87 (1980) ("No section of the [New York statute of limitations] provides . . . that the time for filing a cause of action is tolled during the period in which a litigant pursues a related, but independent cause of action."); Abbas v. Dixon, 480 F.3d at 641 ("[A] plaintiff's pursuit of a state remedy . . . does not toll the statute of limitations for filing a claim pursuant to section 1983."). Accordingly, the Court finds that plaintiff is not entitled to tolling, and, thus, his remaining claims are hereby dismissed as time-barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, all of plaintiff's remaining claims arising out of the November 2003 arrest are dismissed as time-barred. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
October 30, 2007