UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
TERRY SMITH, aka, TERRELL NEAL,

                Plaintiff,

      -against-                             **MEMORANDUM & ORDER**

PAROLE OFFICER LISA DUQUESNAY,          07 CV 2795 (RJD) (LB)

                Defendant.
-----------------------------------------------------X
DEARIE, District Judge.

      Plaintiff Terry Smith, also known as Terrell Neal, brings this action pro se pursuant to 42 U.S.C. § 1983 against defendant Parole Officer Lisa Duquesnay for her actions in connection with the revocation of his parole in 2005. Defendant moves for dismissal of the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion to dismiss is granted.

## BACKGROUND

      On February 16, 1994, plaintiff was convicted of second degree robbery and sentenced as a persistent violent felony offender to a term of ten years to life. People v. Neal, 647 N.Y.S. 2d 506, 507 (App. Div. 1996). He alleges that when he reported to the New York State Parole Office at 333 Schermerhorn Street on November 5, 2003, he was led into the back of the office and physically and verbally attacked by several parole officers including Officer Doretha Doctor and defendant Officer Lisa Duquesnay. Afterward, he was written up on parole violation charges and re-incarcerated for sixteen months. (Compl. at 3.) After his release, on March 4, 2005, he alleges that he again visited the parole office on Schermerhorn Street. He left without reporting to his parole officer, however, because Officer Doctor "appeared in the doorway" of the waiting area and began "staring in [his] face." (Id. at 4.) Plaintiff "felt so uncomfortable that

[he] feared for his safety to the point where [he] was scared to come back and [he] left and did not report back until he was apprehended in June [20]05." Id.

According to the complaint, defendant Duquesnay prepared the 2005 violation report and "was allowed to enter [his] preliminary and final hearing and was allowed by the division of parole to testify that she was [his] parole officer when she was never assigned to [him]." (Id.) Apart from admitting that he absconded, plaintiff does not otherwise specify the charges brought against him. Following the violation hearing, plaintiff was again re-incarcerated. (Id. at 5.) He completed the term of re-incarceration prior to initiating this action. (Id.)

The complaint, which requests twenty million dollars in damages, includes claims relating to both the 2003 and 2005 parole revocations against unnamed parole officers, the New York State Division of Parole, and Officer Duquesnay for violations of plaintiff's civil rights. By Memorandum & Order dated September 17, 2007, this Court dismissed the claims against the Division of Parole on Eleventh Amendment immunity grounds. In addition, the Court dismissed plaintiff's claims against Duquesnay related to the 2005 parole revocation as barred by Heck v. Humphrey, 512 U.S. 477 (1994). By Memorandum & Order dated October 30, 2007, all of plaintiff's remaining claims arising out of the events on November 5, 2003, were dismissed as time-barred.

Plaintiff appealed, and the Second Circuit vacated the judgment as to plaintiff's claims against defendant Duquesnay relating to the parole violation in 2005. The case was remanded "with the suggestion that the district court appoint counsel" and "consider" whether Heck bars the action where the plaintiff "could not have pursued a federal *habeas* petition at the time he filed the § 1983 action," citing Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001) and Jenkins v.

Haubert, 179 F.3d 19, 25-26 (2d Cir. 1999).[1] Smith v. Doctor, et al., 07-5360-pr, at *2 (2d Cir. November 20, 2008) (ECF Docket #8.)

By papers dated January 21, 2010, defendant Duquesnay moved to dismiss the claims against her. Plaintiff requested the appointment of counsel. Plaintiff's response to defendant's motion was stayed twice to allow more time for the Court to locate counsel from its pro bono panel, but despite its efforts, the Court was unable to find a willing attorney as of July 2010. (See ECF Docket # 21, 22, 23.) Consequently, plaintiff opposes defendant's motion to dismiss pro se.

In his opposition, plaintiff asserts for the first time that defendant threatened to "get even" with him somehow at the time of the 2003 incident. (Opp'n at 1.) He also alleges that he saw defendant, and not Officer Doctor, at the parole office in 2005, and that "she gave the feeling that plaintiff would be taking [sic] back into custody for some made up violation of the parole guidelines stemming from there [sic] last encounter with each other back in 2003." (Opp'n at 2.) Plaintiff further elaborates that when he had his violation hearing in 2005, defendant told plaintiff's assigned parole officer to leave the proceeding and then testified falsely that she was plaintiff's assigned parole officer and brought false charges against him. In

---

[1] Under Heck, a Section 1983 plaintiff cannot recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" without proving that the conviction or sentence has been reversed, expunged, invalidated or called into question by the issuance of a writ of habeas corpus. Id., 512 U.S. at 486-87. The "favorable termination" rule applies to actions challenging "the fact or duration of confinement based on the revocation of parole." Davis v. Cotov, 214 F. Supp. 2d 310, 316 (EDNY 2002). In both Huang and Jenkins, however, the Second Circuit allowed Section 1983 actions to proceed based in part upon its observation that the concurring opinions in Spencer v. Kemna, 523 U.S. 1 (1998), "revealed that five justices hold the view that, where federal habeas corpus is not available to address constitutional wrongs, §1983 must be." Jenkins, 179 F.3d at 25-26. Moreover, in Huang, the Court specifically noted that no habeas remedy lies for an individual that has been released from custody. Huang, 251 F.3d at 75.

addition, plaintiff asserts that defendant failed to submit the proper documents to her parole supervisor before filing the violation warrant. (Opp'n. at 4.)

Plaintiff is now out on parole. The maximum expiration date shown on his New York State Department of Corrections Inmate Information Sheet[2] is "LIFE."

## DISCUSSION

Even though pro se pleadings are " held to less stringent standards," a complaint must nevertheless plead a "plausible" claim for relief to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) and Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Accepting all non-conclusory factual allegations as true, a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. Where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The gravamen of plaintiff's complaint against Officer Duquesnay is that she improperly initiated the 2005 parole revocation proceedings against him and falsely testified at his hearing. Plaintiff admits, however, that he failed to report to his parole officer for the three-month period beginning in March 2005, and does not otherwise specify the nature of the violation charges. Thus, plaintiff's own allegations undermine the plausibility of his claim that defendant fabricated the violation charges. Furthermore, plaintiff effectively concedes that probable cause existed for

---

[2] http://nysdoccslookup.doccs.ny.gov

4

his 2005 arrest. Regardless of the explanation, plaintiff's admission of delinquency is fatal to his complaint.

With respect to any claim by plaintiff that defendant filed a false violation report or improperly recommended that a warrant for plaintiff's arrest be issued, defendant is entitled to qualified immunity. See Scotto v. Almenas, 143 F.3d 105, 111-13 (2d Cir. 1998) (parole officer's role in filing of violation report and recommending warrant issue similar to police officer's role in applying for arrest warrant for which protection of qualified immunity is sufficient); Sandson/Sanchez v. Harris, 1998 WL 812564, at *7-8 (EDNY 1998) (applying Scotto and finding parole officer alleged to have filed a false violation report and to have recommended that warrant be issued is entitled only to qualified immunity). Qualified immunity protects officials from liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Moore v. Vega 371 F.3d 110, 114 -115 (2d Cir. 2004) (quoting Anderson v. Creighton, 483 U.S. 635, 638 (1987)). Further factual development would ordinarily be necessary to determine whether defendant's actions were protected by qualified immunity. See Scotto, 143 F.3d at 113. Because plaintiff admits that he absconded, however, defendant is necessarily protected by qualified immunity. Furthermore, plaintiff's allegations that defendant falsely testified that she was his assigned parole officer do not rise to the level of a due process violation. To the extent that plaintiff instead claims that defendant improperly initiated parole revocation proceedings or improperly presented the case for revocation, these actions are prosecutorial in nature, and defendant is entitled to absolute immunity when performing them. Scotto, 143 F.3d at 111-12 (because initiation of parole revocation proceedings and presentation of case for revocation to hearing officers are prosecutorial in nature, parole officers are protected by absolute immunity.)

Accordingly, dismissal pursuant to 12(b)(6) is appropriate, and the question of whether Heck applies to bar this action need not be decided. Nevertheless, after reconsidering the issue at the suggestion of the Circuit, the Court offers the following observations.

Pursuant to New York Penal Law § 70.40, when a person under parole supervision is declared delinquent and re-incarcerated, "the declaration of delinquency shall interrupt the person's sentence as of the date of the delinquency and such interruption shall continue until the return of the person to an institution under the jurisdiction of the state department of corrections and community supervision." New York Penal Law § 70.40(3). Thus, based on the allegations in the complaint, the parole violation resulted in both plaintiff's re-incarceration and recalculation of his maximum parole expiration date to extend beyond his prior maximum expiration date for a period equal to the three months from March 4, 2005 to June 12, 2005. Defendant contends, therefore, that plaintiff's challenge to the validity of the 2005 parole revocation determination is a challenge to the duration of the overall sentence that defendant is still serving and is barred by Heck. Plaintiff's maximum expiration date before the 2005 violation was life, however, and it remained life after the violation. It is unclear, therefore, whether the parole revocation determination continues to affect plaintiff despite his having completed the term of re-incarceration.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the complaint is granted. The Clerk of the Court is directed to close this case. In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and

therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2012

                                        s/ Judge Raymond J. Dearie

                                        RAYMOND J. DEARIE
                                        United States District Judge